IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TRUSTEES OF THE UNITED )
ASSOCIATION NATIONAL )
PENSION FUND, *et al.*, )
 )
                Plaintiffs, )
 ) Civil Action No. 1:21cv1338 (MSN/JFA)
v. )
 )
LAKESIDE PLUMBING LLC )
aka LAKESIDE PLUMBING & )
HEAT/AC LLC, )
 )
                Defendant. )
_____)

### PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Plaintiffs are the Trustees of the United Association National Pension Fund ("National Pension Fund") and the Trustees of the International Training Fund ("International Training Fund"). Each plaintiff seeks a default judgment against defendant Lakeside Plumbing LLC aka Lakeside Plumbing & Heat/AC LLC ("Lakeside Plumbing"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On November 30, 2021, plaintiffs filed this action alleging that Lakeside Plumbing breached a Collective Bargaining Agreement with the United Association Local Union No. 430 seeking an award for past due contributions, liquidated damages, interest, attorney's fees, and costs, and for injunctive relief. (Docket no. 1). A summons for the complaint was issued on

December 2, 2021 (Docket no. 4), and the summons, complaint, and supporting documents were served on Lakeside Plumbing on January 5, 2022 (Docket no. 5). In accordance with Federal Rule of Civil Procedure 12(a), a responsive pleading was due on January 26, 2022, twenty-one (21) days after service of the summons and complaint. Defendant failed to file a responsive pleading in a timely manner. On February 17, 2022, plaintiffs filed their request for entry of default. (Docket no. 8). The Clerk of Court entered default against defendant pursuant to Federal Rule of Civil Procedure 55(a) on February 23, 2022. (Docket no. 9).

On March 25, 2022, plaintiffs filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice setting a hearing for April 1, 2022. (Docket nos. 11–13). The motion for default judgment was supported with two affidavits from Toni C. Inscoe and a declaration by John R. Harney. (Docket nos. 12-1, 12-2, 12-3). The motion for default judgment and supporting papers were served on defendant by mail on March 25, 2022. (Docket no. 11-2). On April 1, 2022, counsel for plaintiffs appeared at the hearing on the motion for default judgment, and no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the affidavits and declaration attached as exhibits to the memorandum in support of the motion for default judgment (Docket nos. 12-1, 12-2, 12-3). The Trustees of the United Association National Pension Fund and the Trustees of the International Training Fund are trustees of multi-employer employee benefit plans as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1, 2). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 430 and

2

defendant. (Compl. ¶ 1). The International Training Fund is established and maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement between the United Association Local Union No. 430 and defendant. (Compl. ¶ 2). The National Pension Fund and the International Training Fund are administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). Lakeside Plumbing is a domestic limited liability company existing under the laws of the State of Oklahoma, with an office located in Salina, Oklahoma. (Compl. ¶ 3). At all times herein, Lakeside Plumbing was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 3).

Plaintiffs bring this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 4). Defendant is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 430 ("Collective Bargaining Agreement") establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Compl. ¶ 5). Pursuant to the Collective Bargaining Agreement, defendant agreed to pay the National Pension Fund and the International Training Fund certain sums of money for each hour worked by employees of the defendant covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7). Plaintiffs claim that defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund (Count I) and the International Training Fund (Count II) for work performed at defendant's request. (Compl. ¶¶ 8, 9, 16).

**Count I - National Pension Fund**

In the complaint, the National Pension Fund asserts that defendant failed to pay the amounts owed for contributions for the months of January 2021 through April 2021 and June 2021 on behalf of members in Local Union No. 430's jurisdiction. (Compl. ¶ 9). The National Pension Fund alleges that defendant failed to make contributions in the amount of $4,813.94 for the months of January 2021 through April 2021 and June 2021 on behalf of members in Local Union No. 430's jurisdiction pursuant to reports submitted by defendant. (Compl. ¶ 10). The National Pension Fund also alleges that defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶¶ 12, 13). The National Pension Fund alleges that defendant is obligated to pay $481.39 in liquidated damages for late payments for the months of January 2021 through April 2021 and June 2021. (Compl. ¶ 14).

**Count II - International Training Fund**

In the complaint the International Training Fund asserts that defendant failed to pay the amounts owed for contributions for the months of January 2021 through April 2021 and June 2021 on behalf of members in Local Union No. 430's jurisdiction. (Compl. ¶ 16). The International Training Fund alleges that defendant failed to make contributions in the amount of $130.20 for the months of January 2021 through April 2021 and June 2021 on behalf of members in Local Union No. 430's jurisdiction pursuant to reports submitted by defendant. (Compl. ¶ 17). The International Training Fund also alleges that defendant is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 6 that an

employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 20% of the amount due if payment is not received by the due date plus interest for the date due to the date of payment at a rate of 12%. (Compl. ¶¶ 19, 20). The International Training Fund alleges that defendant is obligated to pay $26.04 in liquidated damages for late payments for the months of January 2021 through April 2021 and June 2021. (Compl. ¶ 21).

Plaintiffs assert that pursuant to 29 U.S.C. § 1132(g)(2), they are entitled to a judgment awarding: (1) unpaid contributions; (2) liquidated damages; (3) interest; and (4) reasonable attorney's fees and costs incurred in this action.[1]

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Federal Rule of Civil Procedure 55(b)(2) provides that a court may

---

[1] In Count III, plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring defendant to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in the motion for default judgment.

conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

Plaintiffs allege that this court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). (Compl. ¶ 4). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. *See* 29 U.S.C. § 1132(e). ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. *See* 29 U.S.C. § 1145. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. *See* 29 U.S.C. § 185(a). This case is also properly before the court under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Each plaintiff states that it is administered in Alexandria, Virginia. (Compl. ¶¶ 1, 2). On January 5, 2022, the summons, complaint, and supporting documents were served in person on David Andrew Dale, Registered Agent and President of Lakeside Plumbing, at 111 E. Ferry St. in Salina, Oklahoma. (Docket no. 5). Venue is proper in this court and this court has personal jurisdiction over the defendant because each plaintiff fund is administered within the Alexandria Division of the Eastern District of Virginia, and defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal

6

jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over defendant, and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served on Lakeside Plumbing on January 5, 2022. (Docket no. 5). Pursuant to Federal Rule of Civil Procedure 12(a), a responsive pleading was due on January 26, 2022. After defendant failed to file an answer or responsive pleading in a timely manner, plaintiffs requested an entry of default on February 17, 2022. (Docket no. 8). The Clerk of Court entered a default on February 23, 2022. (Docket no. 9).

The undersigned recommends a finding that defendant was served properly, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to defendant.

### Liability and Measure of Damages

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant did not file a responsive pleading and is in default, defendant admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the affidavits in support of the motion for default judgment, defendant has failed to pay certain contributions owed to the National Pension Fund and to the International Training Fund. ERISA Section 515 provides that, in any

7

action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of —
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of Toni Inscoe. (Docket no. 12-1). The International Training Fund also submitted an affidavit of Toni Inscoe. (Docket no. 12-2). In addition to the affidavits from Ms. Inscoe, plaintiffs submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 12-3).

The information contained in the affidavit of Toni Inscoe submitted on behalf of the National Pension Fund establishes that Lakeside Plumbing has not made the contributions owed for the months of January 2021 through April 2021 and June 2021. (Docket no. 12-1 ¶¶ 5, 6). Lakeside Plumbing owes the National Pension Fund $4,813.94 in unpaid contributions, liquidated damages in the amount of $481.39 calculated at the rate of 10% of the total amount owed, and interest in the amount of $564.04 calculated at the rate of 12% from the date the

payments were due through April 1, 2022. (Docket no. 12-1 ¶¶ 6, 10, 11). As with the affidavit in support of the amounts owed to the National Pension Fund, the information contained in the affidavit of Ms. Inscoe submitted on behalf of the International Training Fund establishes that Lakeside Plumbing has not made the contributions owed for the months of January 2021 through April 2021 and June 2021. (Docket no. 12-2 ¶¶ 5, 6). Lakeside Plumbing owes the International Training Fund $130.20 in unpaid contributions, liquidated damages in the amount of $26.04 calculated at the rate of 20% of the total amount owed, and interest in the amount of $15.36 calculated at the rate of 12% from the date the payments were due through April 1, 2022. (Docket no. 12-2 ¶¶ 6, 11, 12).

In addition to the amounts owed for unpaid contributions, liquidated damages, and interest, plaintiffs seek an award of their attorney's fees and costs. The Harney declaration submitted by plaintiffs details the fees and costs incurred on behalf of plaintiffs in this matter. As shown in the attachment to the Harney declaration, the total amount of fees requested is $2,580.00 for 10.50 hours of attorney and paralegal time, and the amount of costs requested is $1,178.29 for the filing fee, process server fee, and computerized research. (Docket no. 12-3). The undersigned has reviewed the Harney declaration and the supporting documentation and recommends that the court find that the $2,580.00 requested for fees and the $1,178.29 requested for costs by plaintiffs are reasonable and should be paid by defendant.[2]

---

[2] The Harney declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, because defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by plaintiffs concerning the reasonableness of these fees as true. The amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiffs in the total amount of **$9,789.26**, which includes $4,813.94 in unpaid contributions owed to the National Pension Fund with liquidated damages of $481.39 and $564.04 in accrued interest; $130.20 in unpaid contributions owned to the International Training Fund with liquidated damages of $26.04 and $15.36 in accrued interest; and $2,580.00 in attorney's fees and $1,178.29 in costs.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to David Andrew Dale, Registered Agent and President, Lakeside Plumbing, LLC aka Lakeside Plumbing & Heat/AC LLC, 171 E. 483 Road, P.O. Box 21, Salina, OK 74365 and 121 N. Elm St., Kansas, OK 74347, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 1st day of April, 2022.

                                                                    /s/  
                                                         John F. Anderson  
                                                         United States Magistrate Judge

Alexandria, Virginia